72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Thomas B. WILSON and Yachts America, Inc., Appellants,
v.
UNITED STATES of America, et al., Appellees.
 No. 94-5306.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 14, 1995.
 
 Before: GINSBURG, ROGERS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated below, it is
 
 
 2
 ORDERED and ADJUDGED that the District Court's dismissal of the appellants' claims brought under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. Sec. 4601 et seq. (1988), be affirmed.
 
 
 3
 Appellants have asked this court to transfer their case to the United States Court of Federal Claims pursuant to 28 U.S.C. Sec. 1631 (1994). We find that such a transfer would not be in the interest of justice. The District Court's rejection of the appellants' claim under the Administrative Procedure Act, 5 U.S.C. Sec. 706(2) (1994), includes the conclusion that the Secretary of the Interior did not act contrary to law in denying appellants compensation under the Uniform Relocation Assistance Act. Appellants chose not to appeal that ruling. Moreover, appellants have not proffered any more substantial basis upon which to convince yet another forum of the validity of their claim. Even if the Uniform Relocation Assistance Act were to afford appellants a direct right of action in the Court of Federal Claims, therefore, transfer of this lawsuit would be a waste of judicial resources and an unnecessary imposition upon the appellees.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.